```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JEFFREY TAYLOR STEWART, | |
| Plaintiff, | Civil Action No. 09-2338 (MLC) |
| v. | **MEMORANDUM OPINION** |
| WARDEN ELLIS, et al., | |
| Defendants. | |

**APPEARANCES:**

Jeffrey Taylor Stewart, Plaintiff <u>pro se</u>
Mercer County Correction Center, P.O. Box 8068, Trenton, NJ 08650

**COOPER**, District Judge

Plaintiff, Jeffrey Taylor Stewart, a prisoner confined at Mercer County Correction Center in Trenton, New Jersey, seeks to bring this civil action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28 U.S.C. § 1915 ("Section 1915"), which establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in</u> <u>forma</u> <u>pauperis</u>. A prisoner seeking to bring a civil action <u>in</u> <u>forma</u> <u>pauperis</u> must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of an inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

The prisoner must obtain this certified statement from the appropriate official of each prison of confinement.  Id.

The prisoner, even if granted in forma pauperis status, must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, Section 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has been paid.

A prisoner who has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted,

cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff here failed to submit a complete in forma pauperis application as required by Section 1915(a), including a certified account statement. Specifically, he failed to attach a certified six-month institutional account statement. See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007). Plaintiff, if confined for less than six months, must include a certified institutional account statement for the period of confinement. Also, the allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

### CONCLUSION

The Court will (1) deny Plaintiff's application for leave to proceed in forma pauperis without prejudice, (2) administratively terminate this action, without filing the complaint or assessing a fee, (3) grant Plaintiff leave to move to re-open within 30 days, and (4) enter an appropriate order.[1]

                                      s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated: May 20, 2009

---

[1] An administrative termination is not a "dismissal" for purposes of the statute of limitations, and the case — if it is reopened under the terms of the separate Order — is not subject to the limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995).